Cheryl GOAD, Deceased, Wesley
Goad, Widower, Appellant,

v.

TREASURER OF the STATE of Mis-
souri—Custodian of the Second
Injury Fund, Respondent.

No. WD 72820.

Missouri Court of Appeals,
Western District.

Nov. 22, 2011.

Application for Transfer to Supreme Court
Denied Dec. 20, 2011.

Keith V. Yarwood, Kansas City, MO, for appellant.

Benita M. Seliga, Kansas City, MO, for respondent.

Before: GARY D. WITT, P.J., and JAMES E. WELSH and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Appellant Wesley Goad, the surviving spouse of Cheryl Goad, appeals a final award of the Labor and Industrial Relations Commission. The Commission rejected Goad's claim that he is entitled to the continued payment of workers' compensation benefits, following his wife's death, on account of a work-related injury which caused her to become permanently and totally disabled. Goad claims an entitlement to continued benefits payments under the Missouri Supreme Court's decision in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). The Commission held that any rights Goad may have had under the *Schoemehl* decision, as the surviving dependent of a permanently and totally disabled worker, had been abrogated by 2008 amendments to the relevant statutory provisions, because the statutory amendments became effective prior to Cheryl Goad's death. We conclude that the 2008 statutory amendments cannot be applied to Goad's claim, and accordingly reverse.

## Factual Background

Goad's wife was injured on August 13, 2007, while lifting a mail tub at work, which led to a herniated disk in her back. Cheryl Goad never returned to work after her injury, and instead filed a claim for permanent partial disability benefits with the Division of Workers' Compensation on October 26, 2007. Mrs. Goad amended her claim on July 17, 2008, to allege that she was permanently and totally disabled. Mrs. Goad died of causes unrelated to her work injury on April 15, 2009. On May 19, 2009, the Workers' Compensation Division granted Goad's motion to be substituted as the claimant. In addition to prosecuting the claim that Mrs. Goad was permanently and totally disabled, Goad claimed a right to continuing payment of permanent total disability benefits following Mrs. Goad's death under *Schoemehl*.

An Administrative Law Judge ("ALJ") awarded Goad permanent and total disability benefits, but only through the date of his wife's death. The ALJ denied Goad further benefits under *Schoemehl* on the basis that Cheryl Goad had alleged a claim only for permanent *partial* disability benefits, not permanent *total* disability benefits, at the time the General Assembly abrogated *Schoemehl* effective June 26, 2008. Because Mrs. Goad had not pled a permanent total disability claim prior to June 26, 2008, the ALJ concluded that the 2008 statutory amendments applied to, and foreclosed, Goad's *Schoemehl*-based claim.

Goad sought review of the ALJ's decision. The Commission affirmed the ALJ's decision denying Goad continuing permanent total disability benefits by a two-to-one vote, but for different reasons. The Commission majority reasoned that Goad's rights under *Schoemehl* did not "vest" un-

til his wife passed away, which was after the legislative action abrogating the decision. The Commission concluded that Goad's claim for continuing permanent total disability benefits was therefore subject to the new statute. The dissenting Commissioner argued that Goad was entitled to benefits under *Schoemehl* because the claim for workers' compensation benefits was pending after *Schoemehl* was decided, and before the enactment of the legislation abrogating the decision.

This appeal follows.

### Analysis

■ We review the Commission's final award pursuant to article V, section 18 of the Missouri Constitution, to determine whether the Commission's award is "supported by competent and substantial evidence upon the whole record." Section 287.495.1 [1] provides that appellate review of the Commission's award is limited to questions of law, and that the Commission's decision should be reversed only if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. "This court is not bound by and affords no deference to the Commission's interpretation and application of the law." *Taylor v. Ballard R–II School Dist.*, 274 S.W.3d 629, 632 (Mo.App. W.D. 2009).

### I.

Goad argues that the Commission erred when it denied his claim for continuing

permanent total disability benefits under *Schoemehl*, because Mrs. Goad died of causes unrelated to her work injury, and her claim was pending between January 9, 2007 (the date *Schoemehl* was decided), and June 26, 2008 (the effective date of the legislation abrogating *Schoemehl*). Goad argues that the fact that Mrs. Goad did not die until April 15, 2009, after the effective date of the statutory amendments abrogating *Schoemehl*, does not affect his rights under that decision. We agree.[2]

*Schoemehl* held that the surviving dependents of an injured worker entitled to permanent total disability benefits have the right to continue receiving those benefits, for the lifetime of the surviving dependents, after the injured worker dies from causes unrelated to the work injury. 217 S.W.3d at 903.

In response, the General Assembly amended several sections of Chapter 287 by enacting Senate Committee Substitute for House Committee Substitute for House Bill No. 1883, 94th General Assembly, 2nd Regular Session, 2008 Mo. Laws 442 ("H.B. 1883"). In particular, H.B. 1883 enacted § 287.230.3, which states that, "in applying the provisions of this chapter, it is the intent of the legislature to reject and abrogate the holding in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo.2007), and all cases citing, interpreting, applying, or following this case." H.B. 1883 also amended §§ 287.200.1 and .2, and § 287.230.2, to achieve the legislative objective of overruling *Schoemehl*.

■ The Missouri Supreme Court has held that *Schoemehl* does not apply where

---

1. Unless otherwise indicated, statutory citations refer to the RSMo 2000 as updated through the 2010 Cumulative Supplement.

2. The Missouri Supreme Court is currently considering this same issue in *Gervich v. Condaire, Inc.*, No. SC91727, in which the Court

granted transfer following opinion by the Eastern District of this Court in No. ED94726, 2011 WL 794996 (Mo.App. E.D. March 8, 2011). The Eastern District's opinion, which was vacated by the grant of transfer, reached the same result we reach here.

the injured worker's claim had been finally decided prior to the *Schoemehl* decision. *Strait v. Treasurer of the State of Missouri*, 257 S.W.3d 600 (Mo. banc 2008), explains:

> Courts respect the finality of judgments. The law bars the retrospective application of the laws to cases that have achieved final resolution. If [an injured worker's] claim [is] no longer pending, and her case [has] been closed, then *Schoemehl* cannot be applied to allow the substitution of [the injured worker's] dependents as beneficiaries of her permanent total disability benefits.

*Id.* at 602 (citations omitted). Thus, "the interpretation of the law that was made in *Schoemehl* applies to cases that were pending in the commission or pending on appeal at the time of the *Schoemehl* decision." *Id.* at 602–03.

■ Under *Strait*, a claim must not have been finally adjudicated before *Schoemehl* was issued; if it became final before the *Schoemehl* decision, it cannot be reopened and modified to reflect *Schoemehl's* holding. *See also, e.g., Taylor*, 274 S.W.3d at 634 ("Essentially, the courts reasoned that the Commission lacks jurisdiction to determine permanent total disability survivorship benefits after a final award has been entered and the time for appeal has passed, and thus, the Commission cannot reconsider and modify the final award.") (footnote omitted).

Goad's current claim satisfies the rule in *Strait*, because his wife's claim had not been finally determined when *Schoemehl* was decided; indeed, Cheryl Goad's underlying injury did not even occur until after *Schoemehl*. The question remains, however, whether Goad's claim can avoid the abrogation of *Schoemehl* by H.B. 1883.

*Strait* did not address the effect of the General Assembly's 2008 passage of H.B. 1883. In *Bennett v. Treasurer of the State of Missouri*, 271 S.W.3d 49 (Mo.App. W.D. 2008), we applied *Strait* in light of the later legislative abrogation of *Schoemehl*, and held that "recovery under *Schoemehl* is limited to claims for permanent total disability benefits that were pending between January 9, 2007, the date the Missouri Supreme Court issued its decision in *Schoemehl*, and June 26, 2008, the effective date of HB 1883." *Id.* at 53. *Bennett's* description of the "*Schoemehl* window" has been quoted and followed in numerous subsequent cases. *See Tilley v. USF Holland Inc.*, 325 S.W.3d 487, 494 (Mo.App. E.D.2010); *Roller v. Steelman*, 297 S.W.3d 128, 132–33 (Mo.App. W.D.2009); *Cochran v. Travelers Ins. Co.*, 284 S.W.3d 666, 671–72 (Mo.App. S.D.2009); *Lawson v. Treasurer of State as Custodian for Second Injury Fund*, 281 S.W.3d 851, 854 (Mo. App. S.D.2009).

Subject to the pleading issue we address in § II, below, Goad's claim satisfies the description of the "*Schoemehl* window" in *Bennett*, because the underlying claim was pending between the date of the *Schoemehl* decision (January 9, 2007), and the effective date of H.B. 1883 (June 26, 2008).

Rather than focusing on whether Cheryl Goad's claim was pending during the "*Schoemehl* window" described in *Bennett*, the Commission concluded that Goad was not entitled to continuing payment of permanent total disability benefits because his rights as the surviving dependent of an injured worker had not vested prior to June 26, 2008, when H.B. 1883 became effective, because Cheryl Goad was still alive at that time. The Commission majority explained:

> "Rights are vested ... when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. They are expectant, when they

depend upon the continued existence of the present condition of things until the happening of some future event. They are contingent, when they are only to come into existence on an event or condition which may not happen or be performed until some other event may prevent their vesting."

In the case at hand and as of June 26, 2008 (when the amending statutes were effective), claimant's rights as a dependent were subject to divestment. He might have remarried or pre-deceased employee. Claimant's rights as a dependent, thus, did not vest until April 15, 2009, when the employee died.

Accordingly, it follows that the amendments in June 2008 to the laws relevant to this issue did not take away or impair any vested rights of the claimant. Therefore, we hold that under the laws relevant to claimant as of April 15, 2009, employee's right to unaccrued permanent total disability benefits terminated at the time of her death and did not survive to her dependent: claimant.

(Citations omitted.)

The Commission's adoption of this "vested rights" approach is contrary to the decisions which have addressed *Schoemehl*'s applicability in light of the later legislative abrogation of that decision. First, at least two decisions have stated that "[t]he amended statute is not retroactive and will only apply to claims initiated after the effective date of the amendment." *Tilley v. USF Holland Inc.*, 325 S.W.3d 487, 494 (Mo.App. E.D.2010); *see also Taylor*, 274 S.W.3d at 632. Indeed, *Tilley* affirmed a Commission ruling, *made while the worker was still alive*, that the work-

er's wife would be entitled to continuing permanent total disability benefits under *Schoemehl*, if the worker predeceased her from causes unrelated to the workplace injury. 325 S.W.3d at 493–94. Necessarily, if the 2008 amendments are inapplicable where a worker is still alive *in 2010*, as *Tilley* holds, the worker's death prior to June 26, 2008, is not a precondition to the continued applicability of *Schoemehl*. We note, however, that the court in *Tilley* held that the employer had failed to preserve "the issue that *Schoemehl* only applies in cases where the claimant is deceased," *id.* at 494 n. 2; *Tilley* thus apparently did not address the precise reasoning the Commission adopted here.

Second, the Commission's "vested rights" approach is contrary to *Bennett* and the decisions which have followed it. *Bennett* holds that *Schoemehl* is applicable to claims "that were pending between January 9, 2007, the date the Missouri Supreme Court issued its decision in *Schoemehl*, and June 26, 2008, the effective date of HB 1883." 271 S.W.3d at 53. *Bennett* makes no reference to an additional condition—that the disabled worker have died prior to the effective date of H.B. 1883.[3]

 Quite apart from its inconsistency with the decisions applying *Schoemehl*, however, the Commission's "vested rights" analysis is inconsistent with caselaw concerning the retrospective application of Missouri statutes. Article I, § 13 of the Missouri Constitution provides that "no ... law ... retrospective in its operation ... can be enacted." Consistent with this constitutional provision, Missouri courts presume that the General Assembly did not intend the retrospective application of

---

**3.** In *Tilley* and other cases, and contrary to its approach in this case, the Commission recognized the rights of surviving dependents under *Schoemehl*, despite the fact that the disabled employee had not died before the ef-

fective date of H.B. 1883. The final award in this case does not explain the reasons for the Commission majority's about-face on this issue.

statutory amendments which affect substantive rights, absent a clear expression of a contrary legislative intention.

Under the rules of statutory construction, statutory provisions that are substantive are generally presumed to operate prospectively unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication. Conversely, statutory provisions that are remedial or procedural operate retrospectively unless the legislature expressly states otherwise. Substantive law creates, defines and regulates rights; procedural law prescribes a method of enforcing rights or obtaining redress for their invasion. The distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit.

*Cook v. Newman,* 142 S.W.3d 880, 893 (Mo.App. W.D.2004) (citations and internal quotation marks omitted); *see also, e.g., Mo. Ass'n of Counties v. Wilson,* 3 S.W.3d 772, 774 n. 2 (Mo. banc 1999) ("substantive amendments do not apply retrospectively and [appellant] does not point to any legislative intent to support retrospective application").[4]

■ The General Assembly's abrogation of the *Schoemehl* decision effected a substantive change in the law. First, the effect of H.B. 1883 is to completely fore-close *any* right to compensation which surviving dependents formerly possessed. Under § 287.240(4), a particular individual's status as a "dependent" under the Workers' Compensation Law is determined "at the time of the injury." *See Reneau v. Bales Elec. Co.,* 303 S.W.2d 75, 80–81 (Mo.1957) (Commission erred in an award of death benefits when it failed to consider the fact and extent of a widow's dependency at the time of her late husband's injury; widow's remarriage prior to award of benefits irrelevant to dependency determination); *Vice v. Advantage Waste Servs., Inc.,* 298 S.W.3d 145, 150 (Mo.App. S.D.2009). Therefore, as of the date of Cheryl Goad's workplace injury, Goad's status as her "dependent" was established, as was his right to continuing payment of permanent total disability benefits, in the event of her death from causes unrelated to the injury. Goad's right to continuing payment of Cheryl Goad's permanent total disability benefits was a substantive right.

■ Second, under *Schoemehl,* "the surviving dependents are deemed to have the same rights as the employee under the Workers' Compensation Law." *Buescher v. Mo. Hwy. & Transp. Comm'n,* 254 S.W.3d 105, 108 (Mo.App.W.D.2008). Cheryl Goad acquired property rights in her workers' compensation award as of the date of her injury, *Petties v. Petties,* 129 S.W.3d 901, 908 (Mo.App. W.D.2004), and post-injury amendments would generally not be applicable to her claim.[5] Under *Schoemehl,*

---

4. While this principle of statutory construction has its genesis in the Missouri Constitution's prohibition of laws "retrospective in [their] operation," interpretation of the relevant statute, to determine whether the legislature *intended* retrospective operation, logically precedes the question whether a statute *can constitutionally be applied* in a retrospective fashion. If a court concludes that the General Assembly did not intend retrospective application of a new statute, no constitutional issue arises. *See Mo. Real Est. Comm'n v. Rayford,* 307 S.W.3d 686, 697–99 (Mo.App. W.D.2010).

5. *See, e.g., Angus v. Second Injury Fund,* 328 S.W.3d 294, 297 n. 2 (Mo.App. W.D.2010) (strict construction principle enacted as part of 2005 amendments to workers' compensation law did not apply to pre-amendment injuries); *Lawson v. Ford Motor Co.,* 217 S.W.3d 345, 349–50 (Mo.App. E.D.2007) (holding that

Goad assumed Cheryl Goad's position with respect to her workers' compensation benefits when she died of causes unrelated to her work injury. If substantive post-injury amendments to the Workers' Compensation Law could not be applied to Cheryl Goad, they are not applicable to the surviving dependent who has stepped into her shoes.

Third, H.B. 1883 has the effect of significantly reducing the extent of the compensation payable under *Schoemehl* for permanent total disability claims. In *Klotz v. St. Anthony's Medical Center*, 311 S.W.3d 752 (Mo. banc 2010), the Missouri Supreme Court stated that "[i]t is settled law in Missouri that the legislature cannot change the substantive law for a category of damages after a cause of action has accrued." *Id.* at 760. Applying this principle, *Klotz* held that the General Assembly could not constitutionally enact "a statute that purports to decrease the amount of damages a victim of medical malpractice could recover after the cause of action has accrued." *Id.* This same principle has been applied in workers' compensation proceedings. *Dalba v. YMCA of Greater St. Louis*, 69 S.W.3d 137, 140 (Mo.App. E.D.2002) (statutory amendment altering calculation of employee's total average weekly wage, for purposes of calculation of wage loss benefits, was substantive and

therefore did not apply to pre-amendment injury, because "the amendment affects an employee's rights to certain benefits under certain circumstances"); *Patrick v. Clark Oil & Refining Co.*, 965 S.W.2d 414, 415–16 (Mo.App. S.D.1998) (statutory amendment allowing employee to recover for loss of income from second job, due to injury during course of another job, was substantive, and did not retrospectively apply to pre-amendment injury); *Stark v. Mo. State Treasurer*, 954 S.W.2d 645, 647 (Mo. App. W.D.1997) (same); *Stillwell v. Universal Constr. Co.*, 922 S.W.2d 448, 455–56 (Mo.App. W.D.1996) (legislation increasing amount of funeral expenses recoverable from employer in workers' compensation case not applied retroactively to pre-amendment injury), *overruled on other grounds, Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 227 (Mo. banc 2003).[6]

Here, prior to the enactment of H.B. 1883, § 287.200, RSMo 2000, provided that "[c]ompensation for permanent total disability shall be paid during the continuance of such disability *for the lifetime of the employee* at the weekly rate of compensation in effect under this subsection on the date of the injury for which compensation is being made." *Schoemehl* held that "the employee" during whose lifetime permanent total disability benefits were payable

---

2005 amendment to workers' compensation causation standard inapplicable to pre-amendment injury); *McDermott v. City of Northwoods Police Dep't*, 103 S.W.3d 134, 139 (Mo.App. E.D.2002) (1993 amendment to workers' compensation causation standard not retrospectively applied), *overruled on other grounds, Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220 (Mo. banc 2003).

6. We recognize that, in *Ball–Sawyers v. Blue Springs School District*, 286 S.W.3d 247 (Mo. App. W.D.2009), we stated broadly that "Missouri courts have interpreted statutes that affect a measure of damages as remedial and applied them retroactively." *Id.* at 256. To the extent this statement survives *Klotz, Ball–*

*Sawyers* is distinguishable. In that case, we applied retroactively a 2005 amendment to the workers' compensation law which gave the Commission authority to double *the unpaid portions* of a temporary award as a penalty for an employer's failure to pay, as opposed to doubling *the entire temporary award* (as authorized under prior law). *Id.* at 257. *Ball–Sawyers* thus represents the application of the principle that statutory amendments reducing or eliminating *penalties* may be retrospectively applied. *See Vaughan v. Taft Broadcasting Co.*, 708 S.W.2d 656, 660–61 (Mo. banc 1986). That principle is irrelevant in this case.

includes the injured worker's surviving dependents, where the worker dies of causes unrelated to the workplace injury. Thus, *Schoemehl* held that the existing statutes required that compensation for permanent total disability be paid not only over the lifetime of the injured worker herself, but also over the lifetime of any surviving dependents. The Court observed that this result was necessary to permit the surviving dependents of permanently and totally disabled workers to "recover full compensation," as the survivors of permanently *partially* disabled workers were already permitted to do. 217 S.W.3d at 903. H.B. 1883 abrogates *Schoemehl*, and thereby materially alters the compensation available for claims of permanent and total disability by shortening the period during which permanent total disability benefits are payable. This is a substantive change in the governing statutes, which we would normally presume is not to have retroactive effect.

The survivor's benefits recognized by the *Schoemehl* decision represent a valuable component of the compensation available as the result of a workplace injury causing permanent and total disability (just as survivor's benefits may have substantial value in other contexts, such as under pension, insurance, or governmental benefits programs). The Supreme Court has explained that, while the distinction between substantive and procedural laws in this context "has frequently proved elusive,"

It is best to keep in mind that the underlying repugnance to the retrospective application of laws is that an act or transaction, to which certain legal effects were ascribed at the time they transpired, should not, without cogent reasons, thereafter be subject to a different set of effects which alter the rights and liabilities of the parties thereto. Merely to label certain consequences as substantive and others as procedural does not give sufficient consideration to this principle, and notions of justice and fair play in a particular case are always germane.

*State ex rel. St. Louis-San Fran. Ry. Co. v. Buder*, 515 S.W.2d 409, 410, 411 (Mo. banc 1974) (quoted in part in *Klotz*, 311 S.W.3d at 760). Here, H.B. 1883 undeniably, and materially, alters the "legal effects [which] were ascribed" to Cheryl Goad's workplace accident "at the time [it] transpired." *Id.* at 411. This provides an additional reason for holding that the legislation eliminating the benefits available under *Schoemehl* effected a substantive change in the law.

 Because H.B. 1883 affects substantive rights, we must presume that the General Assembly did not intend the 2008 amendments to apply retrospectively to injuries occurring prior to their effective date. No legislative intent contrary to this presumption "clearly appears from the express language of the act or by necessary or unavoidable implication." *Cook*, 142 S.W.3d at 893.[7] Therefore, Goad's claim

7. H.B. 1883 contains an emergency clause, which states that,

Because of the need to clarify workers' compensation laws and preserve the solvency of the workers' compensation system, the repeal and reenactment of sections 287.020, 287.200, and 287.230 of this act is deemed necessary for the immediate preservation of the public health, welfare, peace and safety, and is hereby declared to be an

emergency act within the meaning of the constitution, and the repeal and reenactment of sections 287.020, 287.200, and 287.230 of this act shall be in full force and effect upon its passage and approval.

§ B, 2008 Mo. Laws. 442, 446–47. While this emergency clause accelerated the effective date of the statutory amendments abrogating *Schoemehl*, it does not specifically address the applicability of the amendments to injuries

was not subject to H.B. 1883, and the Commission erred when it denied him survivor benefits on the basis that his right to those benefits was extinguished when the "*Schoemehl* window" closed.

## II.

■ The Second Injury Fund argues, as an alternate ground for affirmance, that Goad fails to come within the "*Schoemehl* window" because Cheryl Goad had only asserted a claim for permanent *partial* disability during the relevant time period, but that *Bennett* requires that a permanent *total* disability claim be pending.

Cheryl Goad filed her original workers' compensation claim on October 31, 2007. That claim alleged that Mrs. Goad had suffered permanent *partial* disability as a result of her injury at work on August 13, 2007. On July 17, 2008, however, Mrs. Goad filed an amended claim for compensation alleging permanent *total* disability. This amended claim was filed was after the effective date of H.B. 1883.

■ The Workers' Compensation Law provides that "[a]ll proceedings before the commission or any commissioner shall be simple, informal, and summary...." § 287.550. Consistent with this overarching principle, workers' compensation claims are not subject to the technical requirements of petitions in judicial pro-

ceedings, and " 'if the only effect of [an] amendment [to the claim] ... is to perfect or amplify the claim set up in the original pleading, the amendment relates back to the time of the commencement of the original action....' " *Spencer v. Sac Osage Elec. Co-op., Inc.*, 302 S.W.3d 792, 803 (Mo.App. W.D.2010) (quoting *Ford v. Am. Brake Shoe Co.*, 252 S.W.2d 649, 652 (Mo. App.1952)).

Here, Mrs. Goad's amended claim for compensation did not state a new and distinct claim, but instead merely perfected and amplified her original claim. The original claim alleged that she suffered injury causing permanent partial disability while "lift[ing] a 40–50 pound tub of mail causing permanent injury to her low back and body as a whole." This initial claim checked the box designated "permanent partial disability" on the pre-printed claim form. The amended claim made the exact same allegation of injury as the original claim, but differed merely by checking the box for "permanent total disability."

Both petitions allege the very same injury, and describe the cause of the injury using the very same words. The only difference between the claims is a checked box indicating the extent of the injury. Nothing in the record indicates that the Second Injury Fund was prejudiced in its defense by the amendment of the claim.

occurring before the enactment's effective date. *See Hamdan v. Rumsfeld*, 548 U.S. 557, 579 n. 9, 126 S.Ct. 2749, 165 L.Ed.2d 723 (2006) (in determining whether Congress intended retroactive application of a new statute, the fact that the statute provides that it "is to 'take effect on the date of the enactment,' is not dispositive; 'a "statement that a statute will become effective on a certain date does not even arguably suggest that it has any application to conduct that occurred at an earlier date" ' ") (quoting *Immigration & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 317, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (in turn quoting *Landgraf v. USI Film Prods.*, 511

U.S. 244, 257, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994))).

In addition, the fact that H.B. 1883 explicitly abrogated a prior court decision does not establish that the legislature intended the statute to have retrospective operation. *Lawson v. Ford Motor Co.*, 217 S.W.3d 345, 349 (Mo. App. E.D.2007) (holding that § 287.020.10, which "reject[ed] and abrogate[d] earlier case law interpretations on the meaning of or definition of [particular] statutory terms]," and expressly identified three such decisions, was not to be applied to workers' compensation claim arising from pre-amendment accident).

Thus, Mrs. Goad's amended claim relates back to the date of filing of her original claim. *See Spencer,* 302 S.W.3d at 803 (amendment providing additional details as to specific nature of occupational disease claim is not a new and distinct claim); *Ford,* 252 S.W.2d at 652–53 (amended claim merely perfected and amplified original claim, and therefore related back to filing date of original claim, where amendment claimed occupational disease (silicosis) due to exposure to harmful substances, rather than injury by accident due to swallowing sand on single occasion (as in original claim)); *cf. Holaus v. Wm. J. Zickell Co.,* 958 S.W.2d 72, 80 (Mo.App. E.D.1997) (amended claim did not relate back where it "asserted a claim that did not arise out of the conduct alleged to have caused employee's injuries in [the] first two claims for compensation") *overruled on other grounds, Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 227 (Mo. banc 2003).

Because Cheryl Goad's allegation of permanent total disability relates back to the filing of her original claim on October 31, 2007, her "claim[ ] for permanent total disability benefits [was] pending between January 9, 2007, the date the Missouri Supreme Court issued its decision in *Schoemehl,* and June 26, 2008, the effective date of HB 1883." *Bennett,* 271 S.W.3d at 53. The Second Injury Fund's alternative argument does not defeat Goad's entitlement to continuing permanent total disability benefits under *Schoemehl.*[8]

### Conclusion

The Commission's Final Award is reversed to the extent that it denies Goad the continuing payment of permanent total

disability benefits after the death of his wife, for his lifetime.

All concur.

---

8. We note that, under the analysis in § I, above, the relevant time for determining H.B. 1883's applicability would appear to be the date of the worker's injury, not the date on which a claim was first asserted. That distinction is not relevant to the disposition of this appeal, however, and we therefore do not further explore it.