**Donald OGDEN, deceased, Ronda Ogden, Respondent,**

**v.**

**CONAGRA FOODS, INC., Appellant.**

**No. SD 34591**

Missouri Court of Appeals, Southern District, Division Two.

FILED: March 14, 2017

Appellant's attorney: Ronald G. Sparlin

Respondent's attorney: Andrew S. Buchanan

DANIEL E. SCOTT, J.—OPINION AUTHOR

If an open workers' compensation case already pends, must a Form 21 Claim for Compensation also be on file within the so-called *Schoemehl* window (January 9, 2007—June 26, 2008) to preserve *Schoemehl* rights?[1] We conclude the answer is "no" and affirm Ronda Ogden's award.

---

1. *See Schoemehl v. Treasurer,* 217 S.W.3d 900 (Mo. banc 2007), discussed *infra.* Form 21, Claim for Compensation, is among several forms promulgated by the Division of Workers' Compensation per 8 CSR 50-5.070 and available at www.labor.mo.gov/pubs-and-forms.

## Background Timeline

In 2001, Donald Ogden rolled a Conagra truck and sustained skull and spine fractures, brain trauma, and other serious injuries. Conagra promptly filed a Report of Injury and commenced to pay weekly disability benefits and medical expenses that would total some $2.4 million through Mr. Ogden's death in 2014.

On January 9, 2007, our supreme court, construing statutes dating to the time of Mr. Ogden's injury, ruled that permanent total disability (PTD) benefits survived to dependents if the injured employee died of a cause unrelated to the work injury. *Schoemehl*, 217 S.W.3d at 901–03.

Effective June 26, 2008, our legislature abrogated *Schoemehl* by statutory amendment (H.B. 1883), effectively framing the "*Schoemehl* window" because both *Schoemehl* and H.B. 1883 operated prospectively, albeit in different respects.[2]

In 2009, counsel filed a Form 21 Claim for Compensation that included Mrs. Ogden's "claim under [*Schoemehl*] for benefits as a dependent in the event of the death of her husband." By agreement of the parties, no action was taken because Conagra was paying Mr. Ogden's benefits voluntarily and the *Schoemehl* claim was not ripe for adjudication during his lifetime.[3]

In 2014, Mr. Ogden died from causes unrelated to his work injury. At a later hearing on Mrs. Ogden's claim, Conagra's counsel succinctly described the only disputed issue (our emphasis):

*Gervich* says a couple of times if the case was pending between this window,

the *Schoemehl* window, January 9, 2007, to June 26, 2008, that's the date *Schoemehl* was decided until the date the court—the legislature abrogated it. So they say *Schoemehl* applies to cases pending between that time frame. And so then the question is from *Gervich* as well is, **What does that mean, that your case was pending or that your claim was pending?**

Conagra urged that a filed Form 21 must pend within the *Schoemehl* window, so the Ogdens' 2009 filing came too late. Deducing from *Gervich* and other cases that the date of injury controlled instead, the Industrial Commission rejected Conagra's theory and awarded *Schoemehl* benefits to Mrs. Ogden:

[B]ecause our Supreme Court in *Gervich* strongly suggested that the date of injury, rather than some other triggering event, is the pivotal consideration when determining whether *Schoemehl* applies, we are persuaded that an employee's dependents may recover under *Schoemehl* where the injury giving rise to the claim for permanent total disability benefits occurs before June 26, 2008, regardless of whether a formal claim for compensation is filed before that date.

Conagra now appeals to this court, reasserting its theory below.

## Analysis

We begin with judicial observations that we, like the Commission, find most applicable. First, from *Gervich*, 370 S.W.3d at 621–22 n.4:

time of injury; adoption of H.B. 1883 cannot operate to exclude dependent PTD rights accruing prior to amendments).

**2.** As to the former, *see Strait v. Treasurer*, 257 S.W.3d 600, 602–03 (Mo. banc 2008) (*Schoemehl* applies to cases pending on date of that decision). As to the latter, *see Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 622–24 (Mo. banc 2012) (dependency governed by statutes at

**3.** *See White v. UMKC*, 375 S.W.3d 908, 912 (Mo.App. 2012).

*Schoemehl* interpreted the versions of statutes in effect at the time of the injury that occurred in that case. 217 S.W.3d at 901–02. Its holding would apply to all injuries occurring during the time those versions of the statutes governed, even claims that had not yet been filed at the time of *Schoemehl.*

Second, and even more fitting to this case, from *Goad v. Treasurer,* 372 S.W.3d 1, 11 n.8 (Mo.App. 2011):

> We note that, under the analysis in § I, above, the relevant time for determining H.B. 1883's applicability would appear to be the date of the worker's injury, not the date on which a claim was first asserted.

Both statements were dicta, but Conagra's citations share a similar weakness because, as Conagra concedes, the Commission appropriately viewed the issue here as one of first impression. Absent directly controlling authority, we the above-find quoted conclusions most convincing, each being the product of logical and careful analysis detailed by that court. *See Gervich,* 370 S.W.3d at 620–21; *Goad,* 372 S.W.3d at 4–10.

Conagra's opposing focus on Form 21 filing hinges on post-*Schoemehl* case references to the filing or pendency of "a claim" or "claims" such as this one from *Gervich,* 370 S.W.3d at 622 (our emphasis):

> As this Court held in *Strait,* when a **claim** is "still pending on the date the *Schoemehl* decision issued, *Schoemehl* applies . . ., and the commission must follow it." 257 S.W.3d at 602.

Yet *Strait,* the quoted authority, *actually* used "case" (not "claim"):

> Because Strait's **case** was still pending on the date the *Schoemehl* decision issued, *Schoemehl* applies to Strait's **case** . . . ."

*Strait,* 257 S.W.3d at 602 (our emphasis). These opinions and others often tended to use terms like "claim," "case," "action," or "proceeding" interchangeably because technical distinctions made no difference in the case. Our supreme court in *Gervich,* 370 S.W.3d at 621, used all four terms on the same page, three in near-succession. Similarly, consider these statements from *Bennett v. Treasurer,* 271 S.W.3d 49, 52, 53 (Mo.App. 2008) (all emphasis ours):

- Case law had strictly limited *Schoemehl* recovery "to situations in which the injured worker's **case** was still pending . . . and when no determination has been made on the injured worker's **claim** . . . ."
- *Schoemehl* could not be applied "[i]f [an injured worker's] **claim** [is] no longer pending, and her **case** [has] been closed . . . ."
- "[B]ecause Bennett's **claim** is no longer pending and her **case** has been closed, *Schoemehl* cannot be applied . . . ."

What we glean from such decisions, as relevant here and specific terminology aside, is to see whether there was an open, unresolved case or claim (small "c"[4]) pending before H.B. 1883 took effect. There was.

Workers' compensation cases can begin and have benefits paid without any Form 21 because proceedings are initiated by the Report of Injury. *See Loyd v. Ozark Elec. Co–op., Inc.,* 4 S.W.3d 579, 586 (Mo.App. 1999).[5] Upon Conagra's Report of Injury

---

4. *See Gillespie v. Am. Bus Lines,* 246 S.W.2d 797, 799 (Mo. 1952) (distinguishing the "Claim for Compensation" document "from claimant's workmen's compensation claim generally").

5. *See also Procedures for Non–contested and Contested Workers' Compensation Cases,* 8

on May 4, 2001, the Division opened a case (Injury No. 01–041053) under which Conagra timely paid total disability benefits through October 9, 2014. Form 21 or not, the disability case given Injury No. 01–041053 was and remained open, active as to benefit payments, pending, and unresolved on each day of the *Schoemehl* window from first to last.

### Conclusion

Conagra fails to convince us that H.B. 1883 cut off Mrs. Ogden's *Schoemehl* rights. We affirm the award and remand to

CSR 50–2.010 (1)–(6) as to non-contested cases initiated by the Report of Injury filed by an employer or insurer. A Form 21 is needed only in case of a dispute. *See Loyd,* 4 S.W.3d at 586; *see also* 8 CSR 50–2.010 (7) & (7)(A),

the Commission to consider Mrs. Ogden's counsel's attorney fee request.

GARY W. LYNCH, P.J.—CONCURS

NANCY STEFFEN RAHMEYER, J.—CONCURS

confirming that a Claim for Compensation initiates a contested case.