

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| NANCY NAETER | ) | No. ED106949 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| TREASURER OF MISSOURI AS | ) | |
| CUSTODIAN OF SECOND INJURY FUND, | ) | |
| | ) | |
| Respondent. | ) | Filed: March 12, 2019 |

### Introduction

Nancy Naeter ("Employee") filed an original claim for compensation against her employer Buzzi Unicem ("Employer") for bilateral hearing loss under the Workers' Compensation Law of the State of Missouri. Employee filed this claim on October 17, 2006 regarding her employment with Employer from June 20, 1984 to September 9, 2005. Employee filed her first amended claim adding Tinnitus and Meniere's disease to her hearing loss claim against the Employer.[1] In her second amended claim, Employee named the Second Injury Fund ("SIF") as a party to the workers' compensation proceedings. Prior to a trial, the claim against Employer was settled. The Administrative Law Judge ("ALJ") denied the claim against the SIF

---

[1] Meniere's disease is a cause of hearing loss which can include intermittent symptoms of nausea, dizziness, and vertigo. Tinnitus is "ringing" in the ears.

as time-barred by the statute of limitations under § 287.430[2].  The Labor and Industrial Relations Commission ("Commission") reviewed the case and adopted the decision of the ALJ.

Employee asserts one point on appeal.[3]  Employee claims the Commission erred denying Employee's claim as time-barred because the statute of limitations for filing the SIF claim should be calculated from the date of Employee's second amended claim or the date of the stipulation of compromise settlement between Employee and Employer.  The SIF statute of limitations can be calculated from the date of "a claim" against an employer.  Employee argues the second amended claim is "a claim" against Employer because: Employer was a real party in interest, subject to liability arising out of the claim; the Meniere's disease in the second amended claim was both an occupational disease against the Employer and pre-existing disability against the SIF; and the SIF's liability for pre-existing disability and for permanent total disability were added to the claim.  Employee also argues settlement stipulations like the one in this case have been used as claims to calculate the SIF limitations period in similar cases.

We disagree with Employee.  The second amended claim is not "a claim" against Employer.  The second amended claim raised no new issue regarding Employer's liability.  The second amended claim only added the issue of the SIF liability.  The second amended claim does not relate back to the original claim or the first amended claim so it is not a valid, timely filed claim concerning the Employer.  Furthermore, settlement stipulations with an employer are not "a claim" for calculating the SIF statute of limitations unless no claim was filed before the settlement stipulation.

---

[2] All statutory references are to RSMo (2016) unless otherwise indicated.

[3] Appellant's point relied on is multifarious in that several alleged errors of the Commission and are claimed in one point on appeal.  "Structuring a point relied on so that it groups together contentions not related to a single issue violates Rule 84.04." *Martin v. Reed*, 147 S.W.3d 860, 863 (Mo. App. S.D. 2004) (internal quotations and citations omitted).  "Improper points relied on, including those that are multifarious, preserve nothing for appellate review." *Id*. (internal quotations and citations omitted).  Despite the violation, we choose to review the point, *ex gratia*. See *In Matter of Smith*, 550 S.W.3d 541, 545 (Mo. App. E.D. 2018) (citing *Matter of Wilma G. James Trust*, 487 S.W.3d 37, 52 (Mo. App. S.D. 2016)).

2

Factual and Procedural Background

On October 17, 2006, Employee filed a claim against Employer for occupational hearing loss/injury to ears caused by "long term exposure to industrial noise beginning June 20, 1984 th[ro]ugh Sept. 9, 2005 while at work for [E]mployer". On December 3, 2010, Employee filed a first amended claim against Employer to include Tinnitus and Meniere's disease under the "PART(S) OF BODY INJURED" section. On December 16, 2011, Employee filed a second amended claim adding the SIF. Employee added permanent total disability regarding pre-existing Meniere's disease to the SIF claim portion of the form. No changes or additions were made to the Employer portion of the claim. On October 23, 2012, Employer and Employee entered into a stipulation for compromise settlement resolving the claim against Employer.

On July 10, 2017, the ALJ held a hearing to resolve disputed issues between Employee and the SIF including the "[s]tatute of limitations regarding the Second Injury Fund". The ALJ made specific findings of fact deciding the claim against the SIF was time-barred by the statute of limitations under § 287.430. The ALJ specifically found: The first amended claim supplemented the body parts affected so it was "a claim" against Employer.[4] The second amended claim did not supplement or amend the first amended claim so it was not "a claim" against Employer. The claim against the SIF was filed on December 16, 2011, more than two years after the date of injury (September 9, 2005) and more than one year after the first amended claim was filed against Employer (December 3, 2010).

On October 30, 2017, Employee filed an application for review with the Commission claiming the ALJ was "incorrect in that he misapplied the statute of limitations…" On November 17, 2017, the SIF filed an answer and a motion to dismiss the application for review.

---

[4] Neither Employee nor the SIF raises any issue in this appeal regarding the timeliness of the first amended claim, relating back to the original claim. See *Goad v. Treasurer of State*, 372 S.W.3d 1, 10 (Mo. App. W.D. 2011).

On January 16, 2018, the Commission declined to dismiss Employee's application for review. On June 15, 2018, the Commission issued its final award denying compensation from the SIF. The award and decision of the ALJ was "attached and incorporated" by reference of the Commission without modification.

This timely appeal followed.

Discussion

*Standard of Review*

On appeal from the Commission's award in a workers' compensation case, we may modify, reverse, remand for rehearing, or set aside the Commission's award only upon any of the following reasons and no other:

(1) That the Commission acted in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the Commission do not support the award; or

(4) That there was not sufficient competent evidence in the record to warrant making the award. § 287.495.1.

In the absence of fraud, the Commission's findings of fact are conclusive and binding. *Id*. However, we review issues of law *de novo. Treas. of State–Custodian of Second Injury Fund v. Witte*, 414 S.W.3d 455, 460 (Mo. banc 2013).

*Analysis*

Employee claims the addition of the SIF to the second amended claim amends the claim against Employer. Employee asserts the SIF claim regarding Meniere's disease "changes" the claim against the Employer for Meniere's disease claim in the second amended claim. Therefore, Employee asserts, under "strict construction," the second amended claim must be

viewed to be "a claim" against the Employer. There is no dispute no changes were made to the Employer section for Meniere's disease in the second amended claim. With regard to the Employer, the first and second amended claims are identical.

The claim against the SIF in the second amended claim would be timely if it was filed within two years of the injury or within one year of a valid claim against Employer. § 287.430. Employee suggests we begin running the one year period after "a claim" against the Employer, here, from either the date of the second amended claim or the date of the settlement stipulation. We disagree.

I. Statutory Construction

In 2005, the legislature amended the Workers' Compensation statutes with the instruction: "[a]dministrative law judges,…the labor and industrial relations commission,…and any reviewing courts shall construe the provisions of [Chapter 287] strictly." § 287.800.1. This amendment took effect prior to the date of injury in this case. Prior to the amendment, the chapter was to be "liberally construed with a view to the public welfare". § 287.800 RSMo (2000). Strict construction does not authorize an ALJ, the Commission, or this court to add words to or subtract words from a statute or ignore the plain meaning of the words chosen by the legislature. *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 68 n.5 (Mo. banc 2018) (citing *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 792 n.6 (Mo. banc 2016)).

"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). In 2018, the Supreme Court of Missouri noted courts should not ignore the plain

and unambiguous meaning of a statute's words under strict construction, liberal construction, or in the absence of any instruction. *Dickemann*, 550 S.W.3d at 68 n.5.

II. Proceedings and Claims Under Chapter 287

Section 287.430 establishes the statutes of limitations for claims against both employers and the SIF. Except for claims against the SIF, "no proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within two years after the date of injury or death, or the last payment made under this chapter on account of the injury or death…" § 287.430. "A claim against the second injury fund shall be filed within two years after the date of the injury or within one year after a claim is filed against an employer or insurer pursuant to this chapter, whichever is later."[5] *Id*. Any claim used to calculate the SIF statute of limitations must be "pursuant to" Chapter 287. *Id*. "In all other respects the limitations shall be governed by the law of civil actions…" *Id*.

III. Amended Claims

Claims for compensation against an employer or insurer are one of two events which set limitations period for claims against SIF. *Id*. The statute requires the use of the "law of civil actions" in governing those respects not addressed in the section. *Id*. In civil actions in Missouri, "the general rule is that if the only effect of the amendment made after the running of the limitation period is to perfect or amplify the claim set up in the original pleading, the amendment relates back to the time of the commencement of the original action so as to be saved from the bar of the statute…" *Ford v. Am. Brake Shoe Co.*, 252 S.W.2d 649, 652 (Mo.App.1952). With

---

[5] In its brief the SIF argues "a claim" should be interpreted to mean only the first or original claim filed against an employer. That meaning is not consistent with strict construction as it asks us to add words to the statute. See *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 68 n.5 (Mo. banc 2018) (citing *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 792 n.6 (Mo. banc 2016)). It is not consistent with the statute's plain meaning either. See *Elrod v. Treasurer of Missouri*, 138 S.W.3d 714 (Mo. banc 2004). The Supreme Court in Elrod held "a claim" includes "any timely claim" and does not necessarily mean "the claim" or "original claim." Id. At 716-17. We decline to interpret § 287.430 such that the SIF statute of limitations is within two years after the date of the injury or within one year after the first or original claim is filed against an employer or insurer.

regard to workers' compensation claims, the amendment must address the same occurrence or term of employment and in some way add to the original claim by adding some cause, effect, or injury relating back to the original claim. *Goad v. Treasurer of State*, 372 S.W.3d 1, 10 (Mo. App. W.D. 2011).[6] Amended claims which create a new or distinct claim are not saved from the statute of limitations under *Ford. Spencer v. Sac Osage Elec. Co-op., Inc.*, 302 S.W.3d 792, 804 (Mo. App. W.D. 2010).

In this case, the validity of the first amended claim is not contested. The Commission found the first amended claim to be "a claim" under § 287.430 because it supplemented the body parts affected. Employee added Tinnitus and Meniere's disease to the hearing loss claim against Employer. This amendment was for the same exposure to occupational noise against the employer as the original claim.

The second amended claim is the crux of this case. Under the Missouri Code of State Regulations, an employer and the SIF are considered two separate parties when an employee makes a claim for workers' compensation. 8 CSR 50-2.010(7)(B). "[A]n assertion of a claim against one is not an assertion of a claim against the other." *Id*. Because of this regulation and the distinct statutes of limitations in § 287.430 for employer and SIF claims, we must treat the second amended claim as two separate claims: one against the Employer and one against the SIF.

The second amended claim, as to the Employer, is not a valid claim under § 287.430. It did not supplement or amend the claim against the Employer so it does not relate back. See *Goad*, 372 S.W.3d at 10. This claim does not add information related to Employer or the injuries claimed on the original claim beyond those changes already made through the first amended claim. Employee's argument the Meniere's claim against the SIF "changes" the Meniere's claim

---

[6] Both before and after the 2005 amendments to the Workers Compensation Chapter requiring strict construction, there was no mention of the process for amending claims or treating amended claims.

against the Employer conflates a change in the claims with a change in the anticipated evidence which may be presented at a hearing. The claim against the Employer remained unchanged in the second amended claim.

Therefore, the Commission did not err in concluding the second amended claim was not "a claim" against Employer and the statute of limitations ran against the SIF because the second amended claim was filed more than one year after the date of the first amended claim.

IV. Stipulations of Compromise Settlement

Employee's last argument regarding the timely filing of the SIF claim is the settlement stipulation between Employee and Employer filed on October 23, 2012. Employee asserts the settlement stipulation should be viewed as "a claim" for purposes of calculating the limitations period for the SIF claim.

Employee cites *Grubbs* in support of the argument a settlement stipulation with an employer can be used to calculate the SIF statute of limitations. In *Grubbs*, no claim for compensation was filed against the employer prior to the settlement stipulation between the employer and the employee. *Grubbs v. Treasurer of Missouri as Custodian of Second Injury Fund*, 298 S.W.3d 907, 909 (Mo. App. E.D. 2009). *Grubbs* noted only parties to claims can enter into settlements citing § 287.390. *Id.* at 911. *Grubbs* concluded a settlement stipulation constitutes a claim to allow for the approval of the settlements. *Id.* *Grubbs* held the settlement stipulation was "a claim" which began the one-year SIF statute of limitations. *Id.*

The Western District agreed with *Grubbs* in *Cook* deciding settlement stipulations are "a claim" where no formal claim was filed prior to the settlement agreement. *Treasurer of the State of Missouri-Custodian of the Second Injury Fund v. Cook*, 323 S.W.3d 105, 110 (Mo. App. W.D.

8

2010). In *Cook*, like in *Grubbs*, the settlement stipulation was also "a claim" from which the one year statute of limitations was calculated. *Id*.

Here, however, formal claims were filed by the Employee before a settlement agreement was reached with the Employer. The Western District has addressed the difference between a settlement stipulation with a prior claim filed and a settlement stipulation without a prior claim filed. See *Treasurer of the State of Missouri-Custodian of the 2nd Injury Fund v. Couch*, 478 S.W.3d 417, 420-21 (Mo. App. W.D. 2015). In *Couch*, the settlement stipulation was not viewed to be "a claim" for calculating the SIF statute of limitations because a claim was previously filed. *Id*. at 420-21. The requirement that settlements be between parties to claims in § 287.390 is met when a claim is filed prior to a settlement stipulation. Compare *id*. at 420 with *Grubbs*, 298 S.W.3d at 911. Thus, *Grubbs* and *Cook* are distinguishable from cases in which a claim was filed prior to the settlement stipulation. *Couch*, 478 S.W.3d at 420-21.

We agree with the Western District. A settlement stipulation is "a claim" with regard to calculating the SIF statute of limitations when no claim was filed prior to a settlement stipulation under § 287.390. *Cook*, 323 S.W.3d at 110; *Grubbs*, 298 S.W.3d at 911. Here, a claim was filed prior to the settlement stipulation. Therefore, the Commission did not err failing to calculate the SIF statute of limitations based upon the date of the settlement stipulation between the Employer and the Employee.

## Conclusion

The SIF claim was filed over two years after the date of the injury and over one year after the first amended claim against Employer. No other claim was filed which could be used to calculate the SIF limitations period. Therefore, the SIF portion of the second amended claim was time-barred. We appreciate the second amended claim was only thirteen days late. We are

9

constrained to follow the law. Statutes of limitations are just that; legislative enactments to limit the authority of courts to hear time-barred claims even in cases of hardship. *Langendoerfer v. Hazel*, 601 S.W.2d 290 (Mo. App. E.D. 1980) (citing *Neal v. Laclede Gas Co.*, 517 S.W.2d 716, 719 (Mo. App. 1974)). Therefore, we deny Employee's point on appeal, and we affirm the Commission's denial of compensation to Employee from the SIF.

_____
Philip M. Hess, Presiding Judge

Robert G. Dowd, Jr., J. and
Mary K. Hoff, J. concur.

10