

# NUMBER 13-22-00401-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF MISSION,                                                          Appellant,

v.

AARON CERVANTES,                                                          Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 7
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Peña**

Appellant the City of Mission (City) appeals the trial court's denial of its plea to the

jurisdiction, seeking to dismiss a premises liability suit brought by appellee Aaron

Cervantes. In one issue, the City argues that the trial court erred in denying its plea because it is protected by governmental immunity from Cervantes's claims. We affirm.

## I.    BACKGROUND

Cervantes sued the City for premises liability after sustaining injuries on a City bike trail.[1] Cervantes alleged that his bicycle flipped over when he collided with a large pile of caliche in his path. Cervantes stated that his injuries were proximately caused by a dangerous condition that the City knew existed. Cervantes further alleged that the City was negligent in failing to place warning signs or barricades to notify the public of the dangerous condition. Cervantes claimed that the City's actions constituted gross negligence and that the City's governmental immunity was waived under the Texas Tort Claim's Act (TTCA) and the recreational use statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021–.022, .058.

The City filed an answer and later a plea to the jurisdiction.[2] In its plea, the City argued that Cervantes failed to plead a valid premises liability claim because he failed to allege a causal nexus between his fall and the dangerous condition. The City further maintained that the dangerous condition at issue was not a special defect because it did not relate to a roadway. Therefore, the City owed only a licensee standard of care, which requires actual knowledge of the dangerous condition. The City also claimed that Cervantes "cannot show" that the alleged defect created an unreasonable risk of harm. Finally, the City maintained that Cervantes was required to demonstrate gross negligence on the part of the City under the recreational use statute, which requires evidence that

---

[1] Cervantes's live pleading is his fourth amended petition.

[2] This appeal arises from the trial court's denial of the City's third plea to the jurisdiction.

2

the City was consciously indifferent to a dangerous condition posing an extreme degree of risk of which the City was aware. The City claimed that Cervantes "cannot show" that the City knew of the dangerous condition or that it allowed bicyclists to use the dirt area next to the asphalt trail where the condition was located.

The City attached the affidavit of Brad Bentsen, the Director of Parks and Recreation for the City. Bentsen testified that the incident occurred in a City park that was designated for use by cyclists. He stated that the trail at the park was "not a roadway for use by motor vehicles." Bentsen maintained that the incident involving Cervantes "occurred on an area of dirt next to the asphalt trail."

Cervantes filed a response to the plea to the jurisdiction, arguing that he need not use magic words in his pleading to establish a causal nexus between his fall and the dangerous condition and that his pleadings were sufficient to demonstrate causation. Cervantes further argued that a special defect can exist on a bicycle path, not just roadways. Cervantes maintained that the jurisdictional evidence[3] demonstrated that the mound of caliche qualified as a special defect, such that the City owed an invitee standard of care. Cervantes asserted that this same evidence demonstrated that the defect was

---

[3] Cervantes's exhibits to his plea to the jurisdiction are merely hyperlinks to files stored in the cloud, one of the exhibits purportedly being a video of the incident. These hyperlinks are no longer active. At any rate, at the plea to the jurisdiction hearing, the trial court indicated that it would not view the hyperlinked exhibits, instead requesting that a thumb drive containing the information be provided. While Cervantes's counsel informed the trial court that he would provide a thumb drive, there is no indication in the appellate record that it was ever filed with the trial court, and the drive is not contained in the appellate record. The City provides a separate hyperlink in its appellant's brief that is purportedly a copy of the video of the incident. However, we are unable to consider evidence included in the brief, but not otherwise appearing in the appellate record. *See Bell v. State for S.E.G.*, 659 S.W.3d 21, 24 (Tex. App.—El Paso 2021, pet. denied); *see also Nguyen v. Trinh*, No. 14-21-00110-CV, 2022 WL 805820, at *6 (Tex. App.—Houston [14th Dist.] Mar. 17, 2022, no pet.) (mem. op.) (discussing a party's use of a link in his trial court filings and observing that "[e]ven if the court could have gone outside the record and accessed those links, we have no assurance that the videos remain unchanged since their original publication. The videos themselves were not made a part of the trial court record nor a part of the appellate record.") (footnote omitted). Therefore, we limit our review accordingly.

"an unreasonably dangerous condition." Cervantes agreed that the recreational use statute applied, but he maintained that the evidence established gross negligence by the City.

Following a hearing, the trial court denied the City's plea to the jurisdiction. This interlocutory appeal followed. *See id.* § 51.014(a)(8).

## II.  DISCUSSION

### A.  Standard of Review & Applicable Law

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.*

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). A plea to the jurisdiction may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27; *see Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam); *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Ryder*, 453 S.W.3d at 927. If the pleadings do not contain sufficient facts to

4

affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227.

A governmental unit may challenge the existence of jurisdictional facts by submitting evidence negating jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). "The analysis then 'mirrors that of a traditional summary judgment.'" *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (quoting *Garcia*, 372 S.W.3d at 635); *see* TEX. R. CIV. P. 166a(c). That is, "[i]nitially, the defendant carries the burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction." *Garcia*, 372 S.W.3d at 635. "If it does, the plaintiff is then required to show that a disputed material fact exists regarding the jurisdictional issue." *Id.* We take as true all evidence favorable to the nonmovant plaintiff and "indulge every reasonable inference and resolve any doubts in the plaintiff's favor." *Metro. Transit Auth. of Harris Cty. v. Douglas*, 544 S.W.3d 486, 492 (Tex. App.—Houston [14th Dist.] 2018, pet. denied); *see Miranda*, 133 S.W.3d at 226. If the relevant evidence is undisputed or if the plaintiff fails to raise a fact question on the jurisdictional issue, then the trial court rules on the plea as a matter of law. *Garcia*, 372 S.W.3d at 635; *see Harris Cnty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 798–99 (Tex. 2016) (op. on reh'g).

In a plea to the jurisdiction, a "defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue." *La Joya Indep. Sch. Dist. v. Gonzalez*, 532 S.W.3d 892, 897 (Tex. App.—Corpus Christi–Edinburg 2017, pet.

denied). Stated differently, "a defendant may not advance a 'no-evidence' plea to the jurisdiction."[4] *Id.*

Governmental immunity deprives a trial court of jurisdiction over lawsuits in which a governmental entity has been sued unless immunity is waived by the Legislature. *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011). The TTCA waives governmental immunity in premises liability cases when a governmental unit breaches the duty of care that a private landowner would owe to a licensee, or in the case of a special defect, to an invitee. TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021–.022, .025; *see Suarez v. City of Tex. City*, 465 S.W.3d 623, 627 (Tex. 2015). "If premises are open to the public for recreational activities, however, the recreational use statute elevates the burden of proof required to invoke the [TTCA's] immunity waiver by classifying recreational users as trespassers[.]" *Suarez*, 465 S.W.3d at 627; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 75.001–.021, 101.058.

"Considering the interplay between the [TTCA] and the recreational use statute, [a governmental entity] retains immunity from suit absent evidence of circumstances giving rise to a duty to warn or protect coupled with the requisite mental state." *Suarez*, 465 S.W.3d at 632. Under the statute, "landowners owe a duty to warn or protect recreational users when artificial conditions create dangerous conditions that are not open and obvious, but have no duty to warn or protect against conditions that are open or inherent,

---

[4] Jurisdiction may be challenged by means of a motion for no-evidence summary judgment. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 552 (Tex. 2019). When a defendant does so, "the plaintiff will be required to present sufficient evidence on the merits of her claims to create a genuine issue of material fact," regardless of whether the defendant negated any of the plaintiff's jurisdictional fact allegations. *Id.* "[W]hile defendants may move for traditional summary judgment 'at any time,' TEX. R. CIV. P. 166a(b), no-evidence motions are permissible only '[a]fter adequate time for discovery,' TEX. R. CIV. P. 166a(i)," and "[t]hat difference in timing provides an important degree of protection to a nonmovant responding to a no-evidence motion, whether the motion challenges jurisdiction, the merits, or both." *Swanson*, 590 S.W.3d at 552. The City has not filed a no-evidence summary judgment motion in this case.

6

and thus obvious, regardless of whether such conditions are naturally or artificially created." *Id.* at 627. However, the statute "limit[s] liability for premises defects to claims involving gross negligence, malicious intent, or bad faith." *Id.* at 632 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 75.002). "[W]hen gross negligence is alleged, immunity is waived only if the governmental entity (1) knew about a condition of the property giving rise to an extreme degree of risk and (2) proceeded with conscious indifference to the rights, safety, or welfare of others." *Id.* at 627 (citing *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006)).

## B. Analysis

We first observe that the parties agree that the recreational use statute applies to Cervantes's claim, and we concur. There is no dispute that the incident occurred at a City park designated for recreation and that Cervantes was cycling at the time of the incident. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3)(M) (listing bicycling as a form of recreational activity); *Univ. of Tex. v. Garner*, 595 S.W.3d 645, 650 n.4 (Tex. 2019) (per curiam) (holding that bicycling fell within the statute's scope). Thus, the applicable standard of care is that owed to a trespasser as noted above. *See Suarez*, 465 S.W.3d at 627.

On appeal, the City reurges its arguments raised below that Cervantes "cannot show" that the alleged defect created an unreasonable risk of harm, that the City "knew about the existence of an alleged dangerous condition in its park[,]" "that the alleged dangerous condition subjected anyone to an extreme degree of risk[,]" or that the City

7

was "indifferent to the rights, safety[,] or welfare of bicyclists."[5] As stated above, in a plea to the jurisdiction, a "defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue." *Gonzalez*, 532 S.W.3d at 897. Rather, it is initially a defendant's burden to produce evidence to negate jurisdictional facts. *See Lara*, 625 S.W.3d at 52; *see also Edinburg Consol. Indep. Sch. Dist. v. Ayala*, No. 13-20-00570-CV, 2021 WL 5828945, at *5 (Tex. App.—Corpus Christi–Edinburg Dec. 9, 2021, no pet.) (mem. op.) (construing language by the school district that the plaintiff "cannot establish" certain elements of his claim as an improper "no-evidence" plea to the jurisdiction). The City's jurisdictional evidence merely established that the accident occurred at a City park meant for use by cyclists, and that the accident occurred on a dirt area of the trail. This evidence serves only to establish the applicability of the recreational use statute, which Cervantes has already alleged in his pleadings. The City presented no evidence negating the challenged elements of Cervantes's claim, only asserting no-evidence grounds as to those elements. Stated otherwise, the City presented no evidence regarding the nature of the defect or whether it had knowledge of it. Therefore, Cervantes had no burden to respond with evidence creating a fact issue on the challenged elements. *See Gonzalez*, 532 S.W.3d at 897. While the City may pursue these arguments through other procedural vehicles, it has failed to carry its burden in this context to challenge the existence of jurisdictional facts by submitting evidence negating jurisdiction. *See Garcia*, 372 S.W.3d

---

[5] On appeal, the City abandons its challenges to the adequacy of Cervantes's pleadings. For the first time on appeal, the City argues that "the mound of caliche was an open and obvious condition for which the City had no obligation to warn [Cervantes]". However, the City did not challenge this element in its plea to the jurisdiction. Although a challenge to the trial court's subject matter jurisdiction may be raised for the first time on appeal, the record does not affirmatively demonstrate Cervantes would be unable to plead and prove the trial court's jurisdiction if he had a full and fair opportunity to amend his pleadings and fully develop the record as to this issue. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). We therefore decline to dismiss Cervantes's suit on this basis. *See id.*

at 635. We conclude that the trial court did not err in denying the City's plea to the jurisdiction. We overrule the City's sole issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
28th day of March, 2024.