

**NUMBER 13-23-00159-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**CITY OF BROWNSVILLE,**                                                                           **Appellant,**

**v.**

**EVARISTO GAMEZ JR.,**                                                                              **Appellee.**

---

**On appeal from the 444th District Court
of Cameron County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Contreras and Justices Silva and Peña
Memorandum Opinion by Justice Silva**

Appellant City of Brownsville (the City) appeals the trial court's order denying its plea to the jurisdiction, seeking to have appellee Evaristo Gamez Jr.'s claims for wrongful termination against it dismissed. By one issue with multiple subparts, the City argues that the trial court erred by denying its plea to the jurisdiction because Gamez could not establish that the City's governmental immunity had been waived. We reverse and render

in part, reverse and remand in part, and affirm in part.

## I.    BACKGROUND

Gamez's live pleading alleged that he was a City employee for over thirty years, reaching the position of director of operations for building planning. On November 20, 2017, the City transferred Gamez to the position of director of operations for the animal shelter.[1] However, on September 30, 2018, Gamez was terminated because, according to the City, the position was not included in the budget for fiscal year 2019 or beyond. Gamez's duties as director of operations for the animal shelter were transferred to the already existing position of director of public health and wellness. Gamez further explained that prior to his termination, he was diagnosed with and treated for cancer.

Gamez alleged that the City transferred his position and subsequently terminated him because of his age and disability and in retaliation for opposing a discriminatory act. Accordingly, Gamez brought claims for wrongful termination under the Texas Commission on Human Rights Act (TCHRA), seeking damages for lost wages, past and future mental anguish, and exemplary damages.

The City filed a plea to the jurisdiction, challenging certain jurisdictional facts. Specifically, the City asserted that it had a nondiscriminatory reason to terminate Gamez and that he was not actually disabled for the purposes of the TCHRA. Lastly, the City argued that Gamez "ha[d] not alleged, and he [could not] show, that he ha[d] opposed a discriminatory practice" so as to establish a retaliation claim. The City attached seven

---

[1] Gamez alleged that he was first notified of the impending move on June 16, 2017. However, it was not until he received a notice on October 12, 2017, that the transfer was confirmed. Gamez's first day as director of operations for the animal shelter was November 20, 2017.

exhibits to its plea, including the letter notifying Gamez of the elimination of his position, Gamez's retirement paperwork, Gamez's charge of discrimination filed with the Texas Workforce Commission (TWC), affidavits from two City employees, and Gamez's deposition.

Gamez responded to the City's plea, arguing, in part, that the City did not establish facts negating his prima facie case.[2] According to Gamez, the trial court was required to deny the plea to the jurisdiction because he pleaded a prima facie case for each charge of discrimination or retaliation. Additionally, Gamez alleged that "[t]he stated reason for [his] termination—elimination of his position[—]is false, discriminatory[,] and is a pretextual reason." Gamez attached an affidavit to his response, wherein he reiterated his argument, that the City's stated reason for his termination was pretextual. Gamez also averred that he "opposed a discriminatory practice when Michael Lopez, Interim City Manager, transferred [Gamez's] directorship from [o]perations [m]anager/[b]uilding [o]fficial to the [a]nimal [s]helter."

The trial court denied the City's plea to the jurisdiction. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5).

## II. STANDARD OF REVIEW

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's

---

[2] Gamez casts the City's plea as "only challeng[ing] and produc[ing] evidence relating to the existence of evidence," which he contended the City cannot do.

3

subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause," construing "the pleadings liberally in favor of the plaintiff[] and look to the pleader['s] intent." *Id.*

A plaintiff has the burden to affirmatively demonstrate the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Id.* (quoting *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555); *see Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022) (explaining that a plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both). This is true even when the jurisdictional issue intertwines with the merits of the case. *Swanson*, 590 S.W.3d at 550.

When jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 805 (Tex. 2018). We must take as true all evidence favorable to the nonmovant, indulge every reasonable inference and resolve any doubts in the nonmovant's favor, and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 771; *Miranda*, 133 S.W.3d at 228. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a factfinder must resolve the issue. *Miranda*, 133 S.W.3d at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d

4

629, 635 (Tex. 2012); *Miranda*, 133 S.W.3d at 228.

"A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). The evidence must "rise[] to a level that would enable reasonable and fair-minded people to differ in their conclusions." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). However, a factfinder may not reasonably infer an ultimate fact from meager circumstantial evidence which could give rise to any number of inferences, none more probable than another. *Kingsaire, Inc. v. Melendez*, 477 S.W.3d 309, 313 (Tex. 2015) (quoting *Hancock v. Variyam*, 400 S.W.3d 59, 70–71 (Tex. 2013)). Furthermore, evidence does not create a fact issue if it is so weak as to do no more than create a mere surmise or suspicion that the fact exists. *Parker*, 514 S.W.3d at 220.

### III.   APPLICABLE LAW

The TCHRA prohibits, among other things, age and disability discrimination and retaliation by employers. *See* TEX. LAB. CODE ANN. §§ 21.001, 21.051, 21.055. Section 21.051 of the labor code states:

> An employer commits an unlawful employment practice if because of . . . disability . . . or age the employer . . . fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]

*Id.* § 21.051(1). Section 21.055 provides that an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who, under chapter 21 of the labor code, "(1) opposes a discriminatory practice; (2) makes or

files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." *Id.* § 21.055. An "employer" includes "a county, municipality, state agency, or state instrumentality, regardless of the number of individuals employed." *Id.* § 21.002(8)(D).

"Governmental units . . . are immune from suit unless the [S]tate consents." *Clark*, 544 S.W.3d at 770. "The TCHRA waives immunity from suit only for statutory violations, which means the trial court lacks subject-matter jurisdiction over the dispute absent" a claim for conduct that is recognized under the TCHRA. *Id.* at 763. If a plaintiff fails to allege a violation of the TCHRA, then the trial court does not have jurisdiction, and the claim should be dismissed. *Garcia*, 372 S.W.3d at 637.

Because the TCHRA is modeled after federal civil rights law, we may look to analogous federal precedent for our guidance. *Tex. Dep't of Transp. v. Lara*, 625 S.W.3d 46, 59 (Tex. 2021) (citing *Clark*, 544 S.W.3d at 781); *Brownsville Indep. Sch. Dist. v. Alex*, 408 S.W.3d 670, 674 n.6 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.); *see* Tex. Lab. Code Ann. § 21.001. To establish unlawful discrimination under the TCHRA, a plaintiff may rely on either direct or circumstantial evidence. *Clark*, 544 S.W.3d at 781–82. A case based on circumstantial evidence is referred to as a "pretext" case. *See Quantum Chem. Co. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001) (per curiam). In a pretext case, the plaintiff's goal is to show that the employer's stated reason for the adverse action was a pretext for discrimination. *Id.*

"When a plaintiff relies on circumstantial evidence to establish a discrimination claim, we follow the burden-shifting framework the United States Supreme Court

established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020); *Clark*, 544 S.W.3d at 782. Under this framework: (1) the plaintiff must first create a presumption of illegal discrimination by pleading a prima facie case; (2) the defendant must then rebut that presumption by producing evidence of a legitimate, non-discriminatory reason for the employment action; and (3) the plaintiff must then overcome the rebuttal evidence by producing evidence that the defendant's stated reason is a mere pretext. *Flores*, 612 S.W.3d at 305; *Clark*, 544 S.W.3d at 782. If a plaintiff fails to establish a prima facie case against a governmental unit or overcome the rebuttal evidence, then the trial court lacks jurisdiction and must dismiss the case. *See Garcia*, 372 S.W.3d at 635; *Miranda*, 133 S.W.3d at 225–26.

The requirements to establish a prima facie case of discrimination "vary depending on the circumstances." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 583 (Tex. 2017). To establish a prima facie case of disability discrimination, Gamez must show "(1) he has a 'disability[';] (2) he is 'qualified' for the job; and (3) he suffered an adverse employment decision because of his disability." *Donaldson v. Tex. Dep't of Aging & Disability Servs.*, 495 S.W.3d 421, 436 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). To establish a prima facie age discrimination case, Gamez must show that he was "(1) a member of the protected class under the TCHRA, (2) qualified for his . . . employment position, (3) terminated by the employer, and (4) replaced by someone younger." *Garcia*, 372 S.W.3d at 642. And, to establish a prima facie case of retaliation, Gamez must show "(1) [he] engaged in an activity protected by the TCHRA, (2) [he] experienced a material adverse

7

employment action, and (3) a causal link exists between the protected activity and the adverse action." *Lara*, 625 S.W.3d at 58.

"'Disability' means, with respect to an individual, a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment." TEX. LAB. CODE ANN. § 21.002(6). "Major life activity" encompasses a wide number of functions, which includes, but is not limited to:

> caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. The term also includes the operation of a major bodily function, including, but not limited to, functions of the immune system, normal cell growth, and digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

*Id.* § 21.002(11-a).

Gamez can show that he was qualified for his position "in one of two ways: (1) by proving that he can perform all essential job functions with or without modifications or accommodations; or (2) by showing that some reasonable accommodation by the employer would enable him to perform the job." *Donaldson*, 495 S.W.3d at 437.

"To establish a [retaliation claim], the employee must show that: (1) []he engaged in an activity protected by the TCHRA, (2) an adverse employment action occurred, and (3) there exists a causal link between the protected activity and the adverse action." *San Antonio Water Sys. V. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015).

Once a plaintiff establishes a prima facie case for discrimination, the burden shifts to the employer to establish a legitimate, nondiscriminatory reason for the employment action. *Flores*, 612 S.W.3d at 305. If an employer presents sufficient evidence to establish

8

a legitimate, nondiscriminatory reason for termination, the burden shifts back to the plaintiff to show that a fact issue exists regarding the reason for termination. *Flores*, 612 S.W.3d at 305; *Clark*, 544 S.W.3d at 782; *M.D. Anderson Hosp. & Tumor Inst. V. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000) (per curiam). "Stray remarks, remote in time from [plaintiff's] termination, and not made by anyone directly connected with the [reduction in force] decisions, are not enough to raise a fact question about whether [the employer's] reason for terminating [the plaintiff] was pretextual." *Willrich*, 28 S.W.3d at 25 (first citing *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 40–41 (5th Cir. 1996), and then citing *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir.1993) ("[A] mere 'stray remark' is insufficient to establish age discrimination.")). A plaintiff's subjective belief and conclusory statements alone are not sufficient to rebut an employer's legitimate, nondiscriminatory reason for termination. *Hudgens v. Univ. of Tex. MD Anderson Cancer Ctr.*, 615 S.W.3d 634, 643–48, 647 n.11 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

## IV.   ANALYSIS

The City argues the trial court erred by denying its plea to the jurisdiction because it presented sufficient evidence to establish a legitimate, nondiscriminatory reason for termination and Gamez did not produce evidence showing that this reason was pretextual. The City further argues denial of the plea was error because Gamez was not "disabled" for the purposes of the TCHRA, and Gamez did not oppose a discriminatory act or practice that would establish a retaliation claim. Gamez, in turn, argues that the City "fails to address the evidence presented by and [Gamez's] contention that he was first demoted and then transferred in retaliation for his complaints related to unlawful

9

discrimination and retaliation." Gamez again alleges that he "opposed a discriminatory practice when Michael Lopez, Interim City Manager, transferred [Gamez's] directorship from [o]perations [m]anager/[b]uilding [o]fficial to the [a]nimal [s]helter."

### A. Wrongful Termination

First, we agree with the City that Gamez was not "disabled" for the purposes of the TCHRA. *See* Tex. Lab. Code Ann. § 21.002(6) (defining "disability"). Citing *Pharr-San Juan-Alamo Independent School District v. Lozano*, No. 13-20-00305-CV, 2021 WL 5702455, at *1 (Tex. App.—Corpus Christi–Edinburg Dec. 2, 2021, no pet.) (mem. op.), Gamez argues that we have recognized cancer "as a disability evidencing disability or perception of disability." However, that case did not expressly consider whether the employee suffered from a disability under the TCHRA. *See id.* Importantly, during a deposition, Gamez was asked if his cancer impaired him in any way and he denied that it did. *See* Tex. Lab. Code Ann. § 21.002(6). Moreover, at the time of Gamez's termination, he was no longer suffering from cancer as he had been in remission for several months and only required a brief check-up every three months. *See id.* Finally, Gamez presented no evidence that the City regarded him as being disabled beyond a bare assertion that some employees at the City were aware that he previously had cancer. *See id.*; *Tex. Tech Univ. Health Scis. Ctr.-El Paso v. Niehay*, 671 S.W.3d 929, 936 (Tex. 2023) (noting that a "regarded as" claim requires only "a mental or physical impairment" without requiring a showing that it significantly impairs a major life activity). Accordingly, Gamez failed to establish a prima facie case of disability discrimination. *See* Tex. Lab. Code Ann. § 21.051(1).

As it relates to his age discrimination claim, Gamez points to the statement in his affidavit that the assistant city manager asked Gamez when he was going to retire in June 2017—fifteen months before his position was eliminated. Assuming that an inquiry into an employee's intent to retire may be evidence of discrimination, the assistant city manager's inquiry in particular is too remote in time to support a conclusion that discrimination was the basis of his termination. *See Niu v. Revcor Molded Prods. Co.*, 206 S.W.3d 723, 730 (Tex. App.—Fort Worth 2006, no pet.) (concluding that a comment made eighteen months prior to termination was not proximate in time and unrelated to employment decision); *see also Dallas Indep. Sch. Dist. v. Allen*, No. 05-16-00537-CV, 2016 WL 7405781, at *7 (Tex. App.—Dallas Dec. 22, 2016, pet. denied) (mem. op.) (concluding that comment made approximately five months before employment decision was too isolated to constitute direct evidence). Moreover, Gamez presented no evidence that the person who made the comment was responsible for his position being eliminated. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441–42 (5th Cir. 2012) (noting that stray remarks by individuals not responsible for termination decision are insufficient to support age discrimination). Therefore, Gamez failed to establish a prima facie case of age discrimination as it relates to his termination. *See* Tex. Lab. Code Ann. § 21.051(1).

Even assuming Gamez established a prima facie case for his claims, the City provided evidence of a legitimate, nondiscriminatory reason for terminating Gamez, shifting the burden back to Gamez to show the reason was a mere pretext, which it claims he failed to meet. The City's evidence that accompanied its plea to the jurisdiction included the letter notifying Gamez that his position was being eliminated due to

11

budgetary constraints, affidavits from two City employees, Art Rodriguez and Lupe Granado III, who both averred that the position was not budgeted for and the responsibilities were transferred to Rodriguez as director of public health and wellness for the City, and Gamez's deposition wherein he acknowledged that the City's budget no longer provided for his position. The evidence presented by the City is sufficient to show that Gamez's position was eliminated as part of a reduction in force, a recognized legitimate, nondiscriminatory reason for termination. *See Flores*, 612 S.W.3d at 305; *Willrich*, 28 S.W.3d at 24 (recognizing that a reduction in force is a legitimate nondiscriminatory reason for termination); *Ptomey v. Tex. Tech Univ.*, 277 S.W.3d 487, 493–94 (Tex. App.—Amarillo 2009, pet. denied) (concluding that an affidavit stating the plaintiff was terminated as part of a workforce reduction due to budgetary constraints was sufficient to meet the burden shifting standard at summary judgment); *McCoy v. Tex. Instruments, Inc.*, 183 S.W.3d 548, 556 (Tex. App.—Dallas 2006, no pet.) (recognizing reduction in force as a legitimate, nondiscriminatory reason for termination); *see also Clevinger v. Fluor Daniel Servs. Corp.*, No. 10-11-00288-CV, 2012 WL 1366575, at *3 (Tex. App.—Waco Apr. 18, 2012, no pet.) (mem. op.) (same).

Once the City presented evidence of a legitimate, nondiscriminatory reason for termination, the burden shifted back to Gamez to demonstrate that the stated reason was a mere pretext. *See Flores*, 612 S.W.3d at 305; *Clark*, 544 S.W.3d at 782; *Willrich*, 28 S.W.3d at 24. However, Gamez only produced his affidavit, which included his own subjective beliefs and conclusory statements that the City's proffered reason was false and pretextual. "An employee's subjective belief of discrimination or retaliation, no matter

12

how genuine, cannot serve as the basis for judicial relief." *McCoy*, 183 S.W.3d at 555; *see Flores*, 612 S.W.3d at 313; *Tex. Health & Human Servs v. Sepulveda*, 668 S.W.3d 856, 875 (Tex. App.—El Paso 2023, no pet.); *Hudgens*, 615 S.W.3d at 643–48, 647 n.11. Accordingly, Gamez failed to meet his burden to rebut the City's evidence of a legitimate, nondiscriminatory reason for his termination. *See Flores*, 612 S.W.3d at 305; *Clark*, 544 S.W.3d at 782; *cf. Salas v. Fluor Daniel Servs. Corp.*, 616 S.W.3d 137, 155–56 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (concluding plaintiff presented sufficient evidence to rebut the reduction-in-force claim by employer as grounds for termination); *Stewart v. Sanmina Tex. L.P.*, 156 S.W.3d 198, 212–13 (Tex. App.—Dallas 2005, no pet.) (same).

For the foregoing reasons, we sustain the City's issue as it relates to Gamez's age and disability discrimination claims for his termination.

## B.    Retaliation

The City next argues that Gamez cannot establish a valid retaliation claim. Specifically, the City argues that Gamez

> has not alleged, and he cannot show, that he has opposed a discriminatory practice. [Gamez] has not identified an individual affected by a discriminatory practice, much less of what protected class such an individual is a member. Appellee has also failed to identify the charge or complaint of a discrimination he has filed or made, or what investigation, proceeding or hearing he has participated in to oppose the unidentified discriminatory practice.

The City points to Gamez's TWC charge, noting that it was not filed until after Gamez was terminated and thus cannot serve as the grounds for his termination. However, Gamez noted in his response to the City's plea that he does not claim that the termination serves as the basis of his retaliation claim; rather, Gamez argues that it was the City's original

13

transfer that serves as the basis of his retaliation claim. The City's plea to the jurisdiction and accompanying evidence relate solely to a claim of retaliation based on termination, not the transfer.

After liberally construing Gamez's live pleadings, we cannot say that he clearly pleaded a retaliation claim. *See Miranda*, 133 S.W.3d at 226. Although Gamez included the elements of a retaliation claim, emphasizing through italics "*[o]pposes a discriminatory practice*," he does not identify the discriminatory practice that he opposed. "When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The situation here is one of pleading sufficiency, thus Gamez should be afforded the opportunity to replead. *See id.* Accordingly, we sustain the City's issue as it relates to Gamez's retaliation claim, but remand so that Gamez may replead his claim. *See id.*

## C. Transfer as a Discriminatory Act

Gamez notes that the City does not challenge his claims of age and disability-based discrimination for his transfer. Gamez's pleadings, when liberally construed, include a claim for age or disability-based discrimination as it relates to his transfer. For example, Gamez's petition states:

> 6.6 The City of Brownsville illegally transferred plaintiff's directorship based upon plaintiff's age and made false accusations of improper conduct directed at plaintiff. Plaintiff was eventually cleared of the false accusations in February 2018, but was forced to retire because plaintiff's position had been eliminated.
>
>      . . . .

14

6.8 With regard to age discrimination, the Plaintiff would show unto the court that he is over the age of 40; that he is qualified for the job of Director of Operations or any job within the City's Leadership positions; and that persons younger than him have been treated more favorably by the City. Additionally, when the Plaintiff's directorship was transferred, he was asked by Mr. Lopez "when are you going to retire?" Plaintiff Evaristo Gamez was concerned by this statement because he was significantly over the age of forty and he was being told to transfer from Director of Operations/Building Official to the Animal Shelter without any reasonable explanation other than blatant age discrimination.

Moreover, in Gamez's deposition, he specifically refers to two younger individuals replacing him after his transfer, not his termination. The City, failed to provide any reason in its plea for why this specific claim should be dismissed. Finally, Gamez's TWC charge includes a complaint that he was transferred for discriminatory reasons.[3] However, as noted, the City's plea to the jurisdiction disproved Gamez's prima facie disability claim when it produced evidence that he was not "disabled" for the purposes of the TCHRA. *See* TEX. LAB. CODE ANN. § 21.051(1). Thus, Gamez's disability discrimination claim as it relates to his transfer must be dismissed. Because the City did not challenge Gamez's age-based discrimination claim as it relates to his transfer, that claim remains pending.

## V. CONCLUSION

We reverse the trial court's judgment and render judgment (1) dismissing Gamez's age and disability-based discrimination claims as they relate to his termination, and (2) dismissing his disability claim as it relates to his transfer. We remand Gamez's retaliation claim to provide him an opportunity to replead and affirm the remainder of the trial court's order.

---

[3] In his charge, Gamez wrote that "[t]he City . . . illegally transferred my directorship based on my age."

15

CLARISSA SILVA
Justice

Delivered and filed on the
4th day of January, 2024.